**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **LEE EDDIE SMITH, # M-09996,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **vs.** | **)** | **Case No. 16-cv-664-MJR** |
| | **)** | |
| **JENNIFER CLENDENIN,** | **)** | |
| **KENT E. BROOKMAN,** | **)** | |
| **JASON P. VASQUEZ, MISTY NEW,** | **)** | |
| **MORGAN TEAS, MICHAEL M. KEYS,** | **)** | |
| **and KIMBERLY BUTLER,** | **)** | |
| | **)** | |
| | **)** | |
| **Defendants.** | **)** | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff, currently incarcerated at Pontiac Correctional Center ("Pontiac"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The numerous claims within Plaintiff's complaint all fall within the scope of an alleged scheme of restricting his First Amendment rights to communicate via grievances or with external counsel, and retaliation for his attempts to exercise said First Amendment rights. Plaintiff characterizes some of his speech as religious. Within the purview of First Amendment speech and retaliation, the Plaintiff alleges that he was issued false or improper disciplinary tickets, that he was prevented from accessing the grievance system, that Defendant Butler failed to protect him from retaliation or to intervene, that his legal mail was improperly screened, that he was wrongfully placed in segregation, that he was deprived of money, and that the defendants actions were defamatory. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-

meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that some of Plaintiff's claims survive threshold review under § 1915A.

**The Complaint**

On September 13, 2014, Plaintiff composed a letter to an outside attorney—Jennifer Blagg—which he alleges contained a recitation of visions and spiritual realizations he had experienced while incarcerated (Doc. 1 at 6). Plaintiff seems to allege that the information he attempted to relay to Blagg somehow evidenced his innocence of his underlying offense, criminal sexual conduct (*Id.*). The Plaintiff does not disclose the actual contents of the letter, nor did he append a copy to his complaint (*See generally* Doc. 1). Apparently, on September 16, 2014, Plaintiff received a disciplinary infraction charging him with sexual misconduct for the contents of his letter to Blagg (*Id.* at 7-8). At an adjustment committee hearing on the violation, the Plaintiff was found guilty of sexual misconduct (*Id.* at 8).

On or about March 7, 2015, Plaintiff alleges that he wrote a letter to a court seeking reversal of his unconstitutional conviction (*Id.* at 9). He alleges that on March 12, 2015, he received a disciplinary report from Defendant Clendenin for sexual misconduct and insolence related to the contents of his letter (*Id.*). Again, the adjustment committee found him guilty of sexual misconduct and insolence (*Id.* at 9-10). At the adjustment committee hearing, he alleges that Defendant Brookman was unprofessional and expressly stated that he would keep Plaintiff's grievances from being heard (*Id.* at 10).

Plaintiff generally alleges that all named defendants had a 'meeting of the minds to retaliate against' him based upon the nature of his underlying conviction, and his expressed religious beliefs (*Id.*). He alleges that Defendant Butler became aware of the scheme of retaliation but failed to take any action to stop the retaliation (*Id.* at 11).

Plaintiff appended two affidavits recounting additional factual allegations in support of his claims (Doc. 1-1 at 1-15). Plaintiff alleges that officers worked together to obstruct his

access to grievance forms in order to prevent him from administratively documenting the pattern of retaliation (*Id.* at 2-3). Plaintiff believes that his ability to access grievance forms and to initiate this case once transferred to Pontiac is evidence of the improper control Defendant Clendenin was exercising over his correspondence at Menard (*Id.* at 4). Plaintiff asserts that he should have been allowed to write about sexual content in his legal correspondence in an attempt to address his wrongful conviction for criminal sexual assault (*Id.*).

Plaintiff alleges that he realized officials were retaliating against him when Defendant Brookman made remarks about the nature of his criminal sexual assault conviction at an adjustment committee hearing (*Id.* at 6). He faced difficulty filing grievances or legal documents because he would place things in his cell bars for filing, and then copies returned to him would be missing portions (*Id.* at 6-7). Plaintiff alleges that the screening of his legal correspondence was improper because the defendants were not attorneys and did not have the authority to screen his First Amendment correspondence (*Id.* at 8-9). He argues that the defendants' disciplinary actions prevented him access to the courts (*Id.* at 9-10).

Plaintiff also alleges that his disciplinary placement in segregation was unjustified and created an untenable financial situation because he had to incur extra expenses to attempt to grieve or seek redress of his wrongful placement in segregation (*Id.* at 11). Plaintiff mentions that his wrongful conviction is defamatory, but it seems that this remark is directed at his underlying criminal sexual assault conviction, rather than his administrative disciplinary conviction for sexual misconduct while at Menard (*Id.* at 12).

In furtherance of his retaliation claim, Plaintiff alleges that Defendant Brookman ordered prison staff not to provide him with grievance forms (*Id.* at 13). Additionally, Plaintiff includes a tangent about his right to keep a diary of his 'spiritual visions.' He seems to allege that he had

a right to keep a diary and to send explicit legal mail as an exercise of his religion (*Id.* at 14-15).

Finally, Plaintiff appended copies of his adjustment committee proceedings and some of his attempted grievances (*Id.* at 17-29). The adjustment committee reports indicate that the correspondence the Plaintiff was disciplined for contained "pornographic and inappropriate" content (*Id.* at 18-19, 27). In a grievance filed once he arrived at Pontiac, the Plaintiff recited a number of biblical phrases in an attempt to justify the contents of his correspondence to an outside 'female of the law' (*Id.* at 20-23).

Plaintiff requests nominal and punitive damages against each defendant, as well as a declaratory judgment (Doc. 1 at 12).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** First Amendment claim for restricting Plaintiff's exercise of his right to free speech via restrictions on his September 13, 2014 legal correspondence;
>
> **Count 2:** False disciplinary ticket for the contents of Plaintiff's September 13, 2014 legal correspondence;
>
> **Count 3:** First Amendment claim for restricting Plaintiff's exercise of his right to free speech via restrictions on his March 7, 2015 legal correspondence;
>
> **Count 4**: False disciplinary ticket for the contents of Plaintiff's March 7, 2015 legal correspondence;
>
> **Count 5**: Retaliation claim against Defendant Brookman for preventing Plaintiff from accessing the grievance procedure based upon the contents of his legal

correspondence;

**Count 6**: Conspiracy claim against all named defendants for agreeing to retaliate against the Plaintiff for expressing his religious visions about his criminal sexual assault conviction, and to punish him because of the nature of his criminal sexual conduct conviction;

**Count 7**: First Amendment denial of access to Courts claim;

**Count 8**: Eighth Amendment failure to intervene or failure to protect claim for Defendant Butler's failure to stop the pattern of retaliation;

**Count 9**: Fourth Amendment violation for impermissibly screening Plaintiff's outgoing legal correspondence;

**Count 10**: Fourteenth Amendment claim for improper placement in disciplinary segregation based upon the contents of Plaintiff's legal mail;

**Count 11**: Fourteenth Amendment deprivation of property interest claim for money Plaintiff had to expend to document the pattern of retaliation;

**Count 12**: First Amendment defamation claim for perpetuating Plaintiff's underlying wrongful conviction for criminal sexual assault; and

**Count 13**: First Amendment claim for Plaintiff's right to maintain a journal of his personal and spiritual visions.

Counts 1, 3, 6, 7, 12, and 13 are hereby dismissed without prejudice for failure to state a claim. Counts 9, 10, and 11 are hereby dismissed with prejudice for failure to state a claim or to identify circumstances that could support any plausible claim. Counts 2, 4, 5, and 8 shall be allowed to proceed beyond screening against Defendants Clendenin, Brookman, and Butler as outlined below.

As a preliminary matter, none of the enumerated counts will proceed against defendants Vasquez, New, Teas, or Keys, because aside from naming these individuals in the caption, the Plaintiff made no factually sufficient substantive allegation against these individuals. At most, the Plaintiff made a single mention of these individuals by listing their names and alleging that they participated in a meeting of the minds of some sort. *See Collins v. Kibort*, 143 F.3d 331,

334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). He provided no detail as to the terms of the meeting of the minds, or the time and place where it occurred. *See Walker v. Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002) (stating that, at minimum, a claim for conspiracy must include a recitation of the basic parties, purpose of the agreement, and time the agreement was reached). Absent such detail, the Plaintiff failed to properly state a claim for conspiracy. Accordingly, defendants Vasquez, New, Teas, and Keys are dismissed without prejudice because the Plaintiff failed to state any claim against them. This leaves defendants Clendenin, Brookman, and Butler.

**Count 1—First Amendment protected speech in legal mail**

The Supreme Court has recognized that prisoners have protected First Amendment interests in both sending and receiving mail, particularly legal mail. *See Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Turner v. Safely*, 482 U.S. 78 (1987); *Pell v. Procunier*, 417 U.S. 817, 822 (1974) ("[a] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system"). Interference with legal mail is especially concerning because of the potential for interference with a prisoner's right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343 (1996). Also of special concern, are content-based restrictions upon a prisoner's exercise of his First Amendment rights. *See Rowe v. Shake*, 196 F.3d 778, 782 (discussing the parameters of a prisoner's First Amendment rights to mail and noting that a non-content based claim of minor interference with mail typically does not state a claim grounded in the First Amendment). As is the case with any right a prisoner holds, the right may be subject to certain limitations based on the prison's security needs, and whether there exists a "sufficiently important governmental interest to justify limitations on a prisoner's first amendment rights." *See id.* (citation omitted).

Here, the Plaintiff's First Amendment claim relating to his September 13, 2014 legal correspondence cannot proceed because the Plaintiff has failed to name any specific defendants in association with the actual screening of his correspondence. At various points he vaguely asserts that all defendants lacked authority to review his mail, but such a general assertion is not sufficient to allow this claim to proceed. Accordingly, Count 1 is dismissed without prejudice for failure to associate any defendants with the alleged harms.

**Count 2 – False disciplinary ticket**

An allegation of deprivation of due process rights states a claim under both procedural and substantive due process. *See Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). Issuing false and unjustified disciplinary charges can amount to a substantive due process violation if the charges were in retaliation for the exercise of a constitutional right, such as the First Amendment right to free speech. *Id.* at 1402-03. The Seventh Circuit has held that a Plaintiff may properly state a claim for retaliation by alleging that he was issued a false disciplinary ticket after exercising his First Amendment right to file a grievance. *Id.*

Here, though the allegations are somewhat sketchy, the Plaintiff has potentially stated a claim for retaliation based upon his exercise of his First Amendment right to correspond with external legal counsel. Assuming the Plaintiff's September 13th letter to counsel did contain some protected contents, the issuance of a disciplinary ticket for his attempt to send the letter may be an inappropriate act of retaliation. Accordingly, the Court cannot dismiss this claim at this juncture.

**Count 3 – First Amendment claim re March 7, 2015 correspondence**

In addition to his First Amendment claim regarding his September 13th correspondence, the Plaintiff also alleges his First Amendment rights were infringed upon by the screening of his

March 7, 2015 letter to a court. Again, the basis for this claim is tenuous. The complete contents of the letter in question are not known at this juncture, nor are the procedures for screening inmate mail. However, even without those details, this claim may not proceed beyond screening because the Plaintiff has failed to identify any specific individuals who acted in relation to this particular letter. Thus, this claim is dismissed without prejudice.

**Count 4 – false disciplinary ticket for the contents of the March 17th correspondence**

Again, the Court is unable to dismiss this count at this juncture because the facts presented may allege improper disciplinary action. Plaintiff alleges that after sending his March 7th legal mail, he received a disciplinary infraction for sexual misconduct and insolence. He also seems to allege that as a result of this disciplinary proceeding he was sent to segregation. If the contents of the March 7th correspondence did in fact contain protected speech, the subsequent disciplinary action or segregation may be improper. Thus, this claim will be allowed to continue.

**Count 5 – retaliation for exercising First Amendment Free speech**

Prison officials may not retaliate against an inmate for exercising his First Amendment rights, even if their actions would not independently violate the Constitution. *See Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000); *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000) ("a prison official may not retaliate against a prisoner because that prisoner filed a grievance"); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996) (retaliatory transfer); *Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (retaliation for filing lawsuit); *Murphy v. Lane*, 833 F.2d 106, 108-09 (7th Cir. 1987) (per curiam) (retaliation for filing suit). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman*, 226 F.3d at 573 (citation omitted).

In this case, Plaintiff alleges that after he attempted to send his September 13, 2014 letter

he was convicted of a disciplinary offense and was prevented from accessing the grievance system to complain about said discipline. Plaintiff seems to allege that the disciplinary action was based on false premises because he believed the speech he was disciplined for was protected. Such a chronology arguably presents a vague but colorable claim of retaliation; therefore, the Court is unable to dismiss this retaliation claim at this point in the litigation. 28 U.S.C. § 1915A; *see Zimmerman*, 226 F.3d at 574 (reversing district court's § 1915A dismissal because inmate's allegations established that "the exercise of his [First Amendment] right was closely followed by the retaliatory act"). If in fact the Plaintiff's speech was protected, retaliatory acts such as initiating false disciplinary proceedings or preventing him access from the grievance system could deter him from future exercises of his First Amendment rights. Accordingly, at this juncture the retaliation claim will be allowed to proceed against defendants Clendenin, Brookman, and Butler because these individuals allegedly participated in the retaliation. Clendenin participated by screening the Plaintiff's mail, Brookman participated by sitting on the disciplinary committee, and Butler allegedly participated by acquiescing in a scheme she knew to be retaliatory.

**Count 6 – Conspiracy amongst defendants to retaliate against Plaintiff**

Civil conspiracy claims are cognizable under § 1983. *See Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002) (recognizing conspiracy claim under section 1983). "[I]t is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date . . . ." *Walker v. Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002). *See also Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003); *Tierney v. Vahle*, 304 F.3d 734, 740 (7th Cir. 2002).

Plaintiff has not presented sufficient factual allegations to proceed on his conspiracy claim against any named defendants. Though he generally alleges that the defendants conspired

to retaliate against him for the underlying nature of his criminal offense, and for his exercise of First Amendment speech via legal correspondence containing sexual material, he does not allege an approximate date that the conspiracy started. Without alleging an approximate date, the Plaintiff has failed to provide the bare minimum information required to make out a claim for conspiracy. Count 6 will be dismissed without prejudice as to all defendants for failure to state a cognizable claim.

**Count 7 – First Amendment denial of access to the courts**

Prisoners have a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). Violations of that right may be vindicated in federal court, *e.g.*, in a civil rights action pursuant to 42 U.S.C. § 1983. Simple negligence on the part of a mailroom worker that results in a lost opportunity to litigate a matter will not support a claim for violation of the constitutional right to access the courts. *See Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992) (isolated incident of negligence resulting in failure to file complaint did not rise to the level of a constitutional violation). However, an allegation that a defendant acted deliberately or recklessly in causing a prisoner to miss a deadline or otherwise lose the opportunity to pursue his claim in court is sufficient to state a civil rights claim. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004) (discussing *Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986)); *Harrell v. Cook*, 169 F.3d 428, 432 (7th Cir. 1999).

An inmate has no constitutional claim unless he can demonstrate that a non-frivolous legal claim has been frustrated or impeded. *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996). A plaintiff is required to show an actual injury, such as a total inability to meet a technical requirement of pleading due to inadequate prison resources or a total inability to even bring a claim due to inadequate access to legal materials. *See Lewis*, 518 U.S. at 351-55. A plaintiff

who asserts he was denied **access** to the **courts** must identify the case or claim that was lost or prejudiced as a result of the unlawful conduct. *See Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007). Further, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or **delay** of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *see also Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). Notably, a mere **delay**, without more, is not necessarily a detriment that rises to the level of a constitutional violation. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993). Regardless of the length of an alleged **delay**, a prisoner must show actual substantial prejudice to specific litigation. *Kincaid*, 969 F.2d at 603. *See also Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions") (internal quotation and citation omitted); *accord Guajardo Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010).

Here, the Plaintiff cannot establish an actual injury sufficient to proceed with his access to courts claim. Though he does allege that the defendants impeded his ability to communicate with the courts by screening his outgoing 'legal' mail, he does not specifically identify a claim which he has lost or prejudice which he has suffered as a result of the alleged hindrances. Without a showing of actual injury, the Plaintiff has failed to provide a sufficient factual basis for an access to courts claim. Thus, Count 7 is dismissed without prejudice as to all defendants.

**<u>Count 8 – Failure to intervene or protect</u>**

Supervisory liability does not constitute an independent legal theory under section 1983. To state a claim against a defendant in their official supervisory capacity, a Plaintiff must allege

that the supervisor knew of an underlying wrong and affirmatively assisted in furtherance of that wrong, or deliberately turned a blind eye. Specifically with regard to a failure to intervene a plaintiff must identify an underlying constitutional harm that compels a defendant's action, as well as action on behalf of the defendant that demonstrates deliberate or reckless disregard of the plaintiff's constitutional rights. *See Filmore v. Page*, 358 F.3d 496, 506 (7th Cir. 2004).

Here, the Court cannot dispose of the failure to intervene or protect claim against Defendant Butler because the Plaintiff alleges that she knew of the impediments placed upon his First Amendment activity and refused to act. The grievances and adjustment committee notes appended to the complaint reflect Butler's signature. It is possible that the screening of the Plaintiff's outgoing legal mail violated his First Amendment right. Therefore, it is possible that there is an underlying constitutional harm, that Butler was aware of, and that she failed to act upon. Count 8 will proceed as to Butler only.

**Count 9 – Fourth Amendment violation for impermissibly screening Plaintiff's outgoing legal correspondence**

To the extent the Plaintiff intends to raise a Fourth Amendment claim about the screening of his legal mail, he is unable to do so based upon the facts presented. The United States Supreme Court has held that a prisoner has no reasonable expectation to privacy, so actions like a search of his cell are exempt from the Fourth Amendment. *See Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Likewise, there is no precedential support for the proposition that an inmate has a Fourth Amendment interest in the contents of his outgoing legal mail. Accordingly, Count 9 will be dismissed with prejudice for failure to state a cognizable claim upon which relief may be granted.

**Count 10 – Fourteenth Amendment claim regarding disciplinary segregation**

Inmates generally do not have a protected liberty interest concerning their placement in

disciplinary or discretionary segregation. *See Sandin v. Conner*, 515 U.S. 2293, 2301 (1995). Whether a protected liberty interest is implicated by Plaintiff's confinement in segregation depends on whether that confinement "imposed an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013) (*citing Sandin*, 515 U.S. at 484). Courts generally consider two factors in determining whether disciplinary segregation imposes atypical and significant hardships: "the combined import of the duration of the segregative confinement and the conditions endured." *Id.* at 743 (*citing Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98) (7th Cir. 2009) (emphasis in original)).

Here, the Plaintiff does not state a valid Fourteenth Amendment claim because he does not show that he suffered atypical or significant hardships in segregation. He does not indicate how long he was in segregation, what the conditions were that caused it to be particularly arduous, or how he was placed there without adequate procedural process. In fact, his allegations suggest that he did receive appropriate procedural due process by way of adjustment committee hearings before his placement in disciplinary segregation. Thus, based on the facts presented, the Court is dismissing Count 10 with prejudice for failure to identify any legal theory that could plausibly support relief under the Fourteenth Amendment.

**<u>Count 11 – Fourteenth Amendment deprivation of property</u>**

The Plaintiff alleges that he suffered a loss while in segregation because he had limited access to legal materials, and was required to pay to accomplish certain tasks. This allegation fails to state a claim because prisons are authorized to charge inmates for legal proceedings, so long as the inmates are not entirely precluded from litigating due to their fiscal situation. *See Gaines v. Lane*, 790 F.2d 1299, 1308 (7th Cir. 1986) (holding that although inmates cannot be

denied access to legal materials or to the courts based on their financial stature, prisons may make reasonable fines and regulations to balance the prisoners use of the mail against prison budgetary considerations). Plaintiff does not allege that he was entirely precluded from accessing the courts. Accordingly, Count 11 will be dismissed with prejudice against all defendants.

**Count 12 – First Amendment defamation claim**

Plaintiff alleges that the defendants caused him defamation by making remarks about the nature of his underlying offense of conviction—criminal sexual conduct. However, defamation is not a basis for liability under section 1983, thus, Count 12 for defamation must be dismissed with prejudice for failure to state a claim. *See Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987) (finding that defamation is not a deprivation of a liberty interest within the meaning of the due process clause); *Paul v. Davis*, 424 U.S. 693, 712 (1976).

**Count 13 – First Amendment claim for Plaintiff's right to maintain a journal**

Plaintiff makes a tangential reference to the First Amendment and his right to maintain a journal reflecting his spiritual realizations, his daily reflections, and other personal information. The Court need not assess the merits or parameters of this right because the Plaintiff does not allege a specific deprivation of this right. Accordingly, this Count will be dismissed without prejudice for failure to state a claim.

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

Plaintiff's other motions (docs. 9, 10, 11, 12, 13) are hereby **DENIED** because they do not seek anything which the Court can or will unilaterally grant at this juncture in the case. The

motions are lengthy and rambling in nature. Plaintiff should take note that the Court will not entertain such voluminous and ongoing filings and that if he should continue to file such frivolous documents he may incur a sanction.

**Disposition**

It is hereby ordered that Defendants Vasquez, New, Teas, and Keys are **DISMISSED** from this action without prejudice.

Further, it is hereby ordered that **Counts 1, 3, 6, 7, 12, and 13** are **DISMISSED** without prejudice for failure to state a claim. **Counts 9-11** are **DISMISSED** with prejudice for failure to state a viable claim.

**Counts 2 and 4** shall proceed against Defendant **CLENDENIN**. **Count 5** shall proceed against Defendant **BROOKMAN**, and **Count 8** shall proceed against Defendant **BUTLER**.

The Clerk of Court shall prepare for Defendants **CLENDENIN, BROOKMAN,** and **BUTLER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending

the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 22, 2016**

**s/ MICHAEL J. REAGAN**
**U.S. Chief District Judge**